Opinion by
Mr. Justice McWilliams.
This writ of error concerns the efforts of some twelve hundred persons owning real property situate in Adams County who seek to be excluded and taken from the Southwest Adams County Fire Protection District, which particular fire protection district will hereinafter be referred to simply as the district. The statute authorizing and prescribing the manner whereby real property which has been annexed to any city, city and county, or town may thereafter be excluded and taken from an existing fire protection district is C.R.S. ’53, 89-6-22, as amended in 1961.
In the instant case the area sought to be excluded and taken from the district comprises some 934 acres and constitutes as of that time all of the property then within the boundaries of the City of Westminster which had been annexed to that city since the formation of the district.
These several petitions for exclusion from the district were filed with the director’s board of directors on Octo *405 ber 11, 1961. Thereafter the board caused to be published a notice of the filing of these various petitions, as is required by the applicable statute. Thereafter, on February 5, 1962, a hearing was held by the board, the date for the hearing having theretofore been set forth in the aforementioned publication.
At the conclusion of this hearing, the board took the entire matter under advisement. Some five months later at a time when the board had not taken any action on these petitions, Guipre — one of the many petitioners — brought an action on behalf of himself and all others similarly situated against Ditolla and four other named persons who then constituted the board of directors for the district. In due time the trial court directed the named defendants to act on these several petitions, and on October 11, 1962, the board denied all petitions.
Thereafter the action brought by Guipre was treated by all parties as a certiorari-type proceeding to obtain judicial review of the administrative action of the board denying the aforementioned petitions.
Upon trial it was the conclusion of the trial court that in denying these several petitions the board acted arbitrarily, capriciously and in excess of its jurisdiction, and accordingly it entered judgment directing the board to grant the several petitions. By writ of error the board now seeks reversal of the judgment of the trial court.
At the aforementioned hearing held by the board on February 5, 1962, in connection with these several petitions, no person appeared or otherwise showed cause “why the prayer of the petition should not be granted.” The petitioners, however, through counsel called several witnesses in support of the various petitions. This evidence tended to establish, prima facie, that the signers of these petitions were, as required by the applicable statute, the owners of not less than fifteen percent of the real property sought to be excluded and taken from the district. Also, there was evidence offered which tended to show that the fire protection which the city *406 of Westminster stood ready to render the area sought to be disconnected from the district was fully as adequate as the service then being received from the district and further that the fire insurance rates for the improvements within the area sought to be disconnected from the district would not be adversely affected by the exclusion.
In its order denying these petitions for disconnection from the district the board observed that the petitions did meet all of the procedural requirements prescribed by the applicable statute and that in connection therewith it had received no protests thereto. Further, the board specifically found that “no evidence [was] presented at the hearing which would warrant any conclusion that the service to the excluded area would be less adequate, nor that its fire insurance rates would be adversely affected.”
However, the board denied the petitions on the announced ground that there was an insufficient showing that “the petitioners are the owners of not less than fifteen percent of the real property constituting a contiguous and compact portion of the district.” Our problem is to determine whether under the circumstances the board in so doing acted arbitrarily, capriciously and in excess of its jurisdiction. In our considered view the board acted improperly in denying these petitions and hence the judgment of the trial court directing the board to grant the petitions should be affirmed.
The petitions contained a declaration that the petitioners did in fact own not less than fifteen percent of the property sought to be disconnected from the district, and, as above noted, the petitioners offered evidence at the hearing that they, in the aggregate, were the owners of not less than fifteen percent of the real property sought to be excluded and taken from the district. The board in its order indicated that the some twelve hundred petitioners had failed to bring forward at the hearing evidence that each was in fact the owner of land *407 which he sought to have excluded from the district. In this regard it should be observed that the petitions were “acknowledged in the same manner and form as required in case of a conveyance of land,” such being another requirement of the statute. On this state of the record, the conclusion of the board that those persons signing the petitions did not constitute fifteen percent of the owners of the real property sought to be excluded from the district was improper.
 Nor does the record support the board’s further finding that the area sought to be excluded from the district was not contiguous or compact. The city of Westminster, as it existed at the time the district came into being, was under applicable statute excluded from the district as originally formed. Through the years subsequent to the formation of this district there have been numerous annexations to the city of Westminster of contiguous tracts of land lying within the district. Pursuant to statute the petitioners now seek to exclude and take from the district all those areas which during the intervening years have been thus annexed to, and become a part of, the city of Westminster. The boundaries of the city of Westminster at the time of the formation of the district were themselves somewhat irregular, as is true of most municipal boundaries, and necessarily the contiguous areas annexed to Westminster since that time are themselves irregular in shape. “Contiguous” and “compact,” however, are relative terms and do not equate to precise geometric symmetry. In this connection it should be noted that this is an effort to exclude and take from the district all of the land annexed to Westminster since the formation of the district, and not just to exclude a part or parts of such annexed areas.
It is said that a purpose of the statutory requirement that the area sought to be excluded and taken from the district be “contiguous and compact” is for the convenience of the district to the end that it can, by way of example, readily determine whether a particular fire *408 call is in or out of the district. In the instant case all that is sought is to have the entire city of Westminster, instead of only a portion of it, excluded from the district, to the end that in the future the district will no longer be required to render fire protection service to any portion of the city of Westminster.
Finally, attention should be directed to that portion of the statute which provides that the “board [of the district] shall grant such petition for exclusion if the same is in proper form, unless it be shown at the hearing thereon, and the board finds, that the fire protection to be received by the excluded property will be less adequate than if such service were received from the district and that the fire insurance rates for the improvements within the excluded area would be adversely affected by such exclusion.” As has already been mentioned, the petitions themselves were in “proper form.” In our view the petitioners in the hearing before the board made a sufficient showing that they were the owners of not less than fifteen percent of the real property sought to be excluded, and that such constituted a contiguous and compact area. The board specifically found that the granting of the petition would not mean that the excluded area would receive less adequate fire protection or that its fire insurance rates would be adversely affected. The petitioners having thus substantially complied with the applicable statutory requirements, the board erred in denying the petitions and hence the judgment of the trial court directing the board to grant the petition is affirmed.
Mr. Justice Frantz and Mr. Justice Schauer concur.